## James H. Clark v. Annie E. Jones et al.

1. RECEIVERS—*Allowances for Fees and Expenses.*—This court is not disposed to interfere with an allowance to a receiver for his services except in cases where such allowance is grossly inadequate.

**Application for Compensation, etc.**—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

ANDREWS & VAUSE and J. W. & E. C. CRAIG, attorneys for appellant.

HENLEY & HENLEY and NEAL & WILEY, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

In 1894, appellant was, by the Circuit Court of Coles County, appointed receiver of the Masonic Benevolent Association of Central Illinois, an insolvent fraternal life insurance company or association. He acted as such receiver for a period of six years, and for his services the Circuit Court allowed him $1,500, and for the services of his attorneys, $1,900. He prosecutes an appeal from the order fixing the allowance upon the ground that it is insufficient.

There was considerable litigation growing out of an effort to collect assessments from delinquent members of the insolvent association. We do not care to review, in detail, the course of that litigation, or mention in this opinion the various items of service performed by appellee. It is only necessary to say that the litigation resulted adversely to the receiver and that we have carefully considered all evidence touching the labor and skill brought by him and his attorneys to a discharge of their duties. We are unable to say that the allowance made by the Circuit Court was inadequate, either for the services rendered by appellee or for the services rendered by his attorneys. It is a matter of current knowledge that there has been a growing tendency to exhaust the assets of insolvent corporations and associations placed in the hands of receivers, by attorneys' fees, receiver's allowances and other kindred expenses. A court that keeps such expenses within reasonable bounds so as to leave something for creditors, is to be commended, and we shall manifest no disposition to interfere except in a case where the allowance is grossly inadequate. Order affirmed.